FULLER *against* TOPLIFF.

To an action of trespass *qu. cl. fr.*, brought before a justice of the peace, de-manding seven dollars damages, the defendant pleaded, 1st, *Not guilty*, and 2ndly, a justification, alleging a right of way. The special plea was traversed in part, on which issue was joined. The justice found the de-fendant *guilty*, and thereupon rendered judgment for the plaintiff to recov-er damages and costs, but took no notice of the special plea. From this judgment the defendant appealed to the county court; and thence to the superior court, without any intermediate judicial act. Held, that the cause was not appealable, and was, therefore, *coram non judice* in the superior court.

THIS was an action of trespass *quare clausum fregit*, brought before *Seth Dunham*, Esq., a justice of the peace, de-manding seven dollars damages. The defendant pleaded, 1st, *Not guilty*, on which issue was joined; 2ndly, a justification under a right of way, granted, by the General Assembly, to the *Boston Turnpike Company*. The special plea was trav-ersed in part, on which issue was joined. The justice found the defendant *guilty*, and rendered judgment for the plaintiff to recover 4 dollars damages and costs, but took no notice of the special plea. From this judgment the defendant appealed to the county court, where the plaintiff demurred to the special plea, and the defendant joined in demurrer. On this demurrer the county court, without rendering any judgment, allowed the defendant to appeal the cause to the superior court, where the plaintiff withdrew his demurrer, and again entered a traverse, on which issue was joined to the jury. After a trial, the jury returned a verdict for the plaintiff on both issues; whereupon the defendant moved for judgment *veredicto non obstante*, and for a new trial. These motions were reserved for the consider-ation and advice of this court.

*Strong*, in support of the motions.

*Goddard*, contra.

PETERS, J. The case presents several questions, which it is unnecessary to decide, as the only one considered by the court, is, whether the cause was appealable, or within the juris-diction of the superior court.

By statute it is provided, that " in all actions brought before any justice of the peace, demanding not more than seven dollars damages, charging the defendant with an injury done to land, in which the defendant shall justify the same by a special plea, stating or alleging a right of way, the party who shall be aggrieved by the judgment of such justice of the peace, shall be allowed an appeal to the next county court in the same county, on giving bond, with sufficient surety, to prosecute his appeal to effect : and the party who shall be aggrieved, by the judgment of such county court, shall be allowed an appeal to the next superior court in the same county, on giving bond, with sufficient surety, to prosecute his appeal to effect." *Stat.* 52. *tit.* 2. *s.* 64. In the case before us, it has not been claimed, that the judgment of justice *Dunham* on the general issue, was appealable. As it is silent respecting the defendant's right of way, and the plaintiff demanded no more than seven dollars damages, the finding and judgment of the justice on this issue, were final. *Stat.* 41. *tit.* 2. *s.* 23. The defendant has, indeed, by his plea, laid a foundation for the removal of his cause to a higher tribunal, by alleging a right of way ; but it was entirely overlooked, by the justice, and the cause passed directly from him to the superior court, without any intermediate judicial act. The cause was, therefore, *coram non judice* in the superior court ; and all the proceedings *there* were utterly void ; and the superior court must be so advised.

DAGGETT, Ch. J. and BISSELL, J. were of the same opinion.

WILLIAMS, J. gave no opinion.   CHURCH, J. was absent.

> Cause to be dismissed
> as *coram non judice.*